IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| United States of America | : | Case No. 3:22-cr-106 (1) |
| Plaintiff, | : | Judge Walter H. Rice |
| vs. | : | |
| Mainer Medina-Feliz (1) | : | |
| Defendant. | : | |

### DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO RECONSIDER PRE-TRIAL DETENTION (DOC. # 70); REASONING SET FORTH

The Motion of the Defendant, seeking an Order of the Court reconsidering the Magistrate Judge's decision that he be held in custody pending Trial, is **OVERRULED**, based upon the reasoning set forth below:

1. Defendant, through Counsel, declined to contest the Government's oral Motion for Pre-Trial Detention.

2. Based upon the nature of the charges, upon which a duly impaneled Grand Jury has found probable cause to believe both occurred and that Defendant committed same, as well as the sentences applicable to said offenses, if convicted, Title 18 U.S.C. 18 §3142 (e)(3), a rebuttable presumption of detention arises.

3. In addition to the Indictment returned by a duly impaneled Grand Jury which, in and of itself, provides probable cause to believe that Defendant committed certain offenses, a rebuttable presumption applies, and the Defendant bears the burden of producing evidence "that he does not pose a danger to the community or a risk of flight." As to the Defendant's burden of producing evidence, not a heavy burden at

all, Defendant has refused to answer questions asked of him by the Pretrial Services Officer, a right which is certainly his, this Court has very little, if any information, upon which to conclude that this slight burden on the Defendant has been met. Moreover, although his memorandum in support of his Motion for Reconsideration (Doc. #70) sets forth conclusions as to why he should be released, said conclusions provide absolutely no specific evidence sufficient for this Court to conclude that Defendant has failed to rebut the above-mentioned presumption.

4. Moreover, the Government's proffer of its evidence set forth in its Response in Opposition to Defendant's Motion for Reconsideration (Doc. #76), is completely unrebutted by Defendant in any follow-up memorandum in support of his motion.

**WHEREFORE**, based upon the aforesaid, this Court finds not well taken and does, therefore, **OVERRULE** Defendant's Motion to Reconsider Pre-Trial Detention (Doc. #70).

**IT IS SO ORDERED.**

Date: 11/29/2023

*Walter H. Rice*
**WALTER H. RICE**
**UNITED STATES DISTRICT JUDGE**

c: Katie Snodgrass, U.S. Pretrial Services Officer